Stephen P. Collette (SB# 186439)
STEPHEN P. COLLETTE & ASSOCIATES
811 Wilshire Blvd., Suite 1200
Los Angeles, CA 90017
Telephone: (213) 542-8272

Attorneys for Plaintiffs ROOSEVELT JOHNSON and DENISE JOHNSON

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT JOHNSON, an individual; DENISE JOHNSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID KING, an individual; HARTFORD MORTGAGE CORPORATION, a California Corporation; PAUL FINANCIAL, LLC, a California Limited Liability Company; QUANTUM SERVICING, a Connecticut Corporation; CENLAR AGENCY, INC., a New Jersey Corporation d/b/a CENLAR LOAN ADMINISTRATION AND REPORTING, and DOES 1-10, inclusive, Defendants. | CASE NO.: 09-04183 DSF<br><br>[Assigned for all purposes to the Honorable Michael Mink, Dept. B]<br><br>**PLAINITFF'S OPPOSITION TO DEFENDANT QUANTUM SERVICING INC. AND DEFENDANT CENLAR, FSB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE OF CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Date August 31, 2009<br>Time: 1:30 P.M.<br>Ctrm: 840 |

Plaintiffs ROOSEVELT JOHNSON and DENISE JOHNSON (collectively hereinafter "Plaintiffs" and/or "Mr. and Mrs. Johnson") hereby respectfully submits this Opposition to Motion to Dismiss Plaintiff's Complaint for Failure to State of Claim Upon Which Relief Can Be Granted or, In The Alternative, For A More Definite Statement and/or To Strike Portions of the Complaint.

# TABLE OF CONTENTS

**I. INTRODUCTION**……………………………..…………………….……..2

**II. LEGAL ARGUMENT**………………….……...…………………….……..3

A. Standard on a Motion to Dismiss…………………..…………………..….3

B. Plaintiffs' Complaint Seeks Rescission of the Subject Transactions and Restitution Under The Appropriate Statutes……………………………...………….………………4

C. Assignee Liability Applies to Defendants Under TILA……….…........4

D. Under the Federal Truth In Lending Act, Plaintiff Is Not Required To Tender the Total Amount of Indebtedness to Proceed With An Action for Rescission……..……….6

E. Defendant's Contention that Plaintiff's Acknowledged Receipt of a Notice of Right To Cancel Is Without Merit As Plaintiff Was Actually Given An Improper Right to Cancel's Upon the Closing of the Loan…………….……………………………8

F. Defendant's Contentions That Plaintiff's Claim For Unfair Business Practices Was Not Plead with Particularity and that its Claims are Based on Vicarious Liability are Unfounded…………………….…………………………………...…9

G. Plaintiffs have Stated a Valid Cause of Action for Financial Elder Abuse Against Defendants…………..…………………….…11

H. Defendants' Request that Allegations Be Stricken From The Complaint is Conclusory and Without Any Authorities Supporting Their Request……..……………...……………………12

I. In the Event the Court Finds Plaintiffs' Allegations Lacking, Plaintiffs Hereby Request Leave to Amend Their Complaint…..…….13

**III. CONCLUSION**…………………..………………………………………...13

# TABLE OF AUTHORITIES

## CALIFORNIA STATE CASES:

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*
(1999) 20 Cal.4th 163……………………………………………...………..9, 10

*Fiol v. Doellstedt*
(1996) 50 Cal. App. 4th 1318……………………..…………………...………10

## FEDERAL CASES:

*Adams v. Nationscredit Fin. Servs. Corp.*
(N.D. Ill. 2004) 351 F. Supp. 2d 829………...………………………….…………5

*Allen v. City of Beverly Hills*
911 F.2d 367………………………………………………………………...13

*Avila v. Stearns Lending, Inc.*
2008 U.S. Dist. Lexis 31813……………………………………………..…..7

*Bank v. Pitt*
(11th Cir. 1991) 928 F.2d 1108……….……………………………………13

*Bennet v. Schmidt*
153 F.3d 516………………………………………………………...….4

*Bizier v. Globe Financial Services*
(1st Cir. 1981) 654 F.2d 1……………………………………………………5

*Cahill v. Liberty Mut. Ins. Co.*
(9th Cir. 1996) 80 F.3d 336…………………………………………………4

*Conley v. Gibson*
(1957) 355 U.S. 41……………………………………………………………...3

*Eveland v. Star Bank, NA*
(S.D. Ohio 1997) 976 F. Supp. 721……………………………………………..8

*King v. California*
(9th Cir. 1986) 784 F.2d 910……………………………………………………5

*McGowan v. King Inc.*
(5th Cir. 1978) 569 F.2d 845……………………………………………………5

*Miranda v. Universal Fin. Group, Inc.*
(N.D. Ill. 2006) 459 F. Supp. 2d 760…………………………………………....5

*Navarro v. Block*
(9th Cir. 2001) 250 F.3d 729……………………………………………………3

*Parrino v. FHP, Inc.*
(9th Cir. 1998) 146 F.3d 699……………………………………………………4

*Placencia v. Lending 1st Mortgage, et al.*
(2008) 583 F. Supp. 2d 1090…………………………………………..…10

*Roberts v. Corrothers*
(9th Cir. 1987) 812 F.2d 1173…………………………………………………..4

*Robertson v. Dean Witter Reynolds, Inc.*
(9th Cir. 1984) 749 F.2d 530……………………………………………………3

*Rodash v. AIB Mortgage Co.*
(11th Cir. 1994) 16 F.3d 1142…………………………………………………..5

*Semar v. Platte Valley Fed. Sav. & Loan Ass'n*
(9th Cir. 1986) 791 F.2d 699…………………………………………………....8

*Smith v. Argent Mortg. Co. LLC*
(D. Colo. 2006) 447 F. Supp. 2d 1194…………………………………………5

*Sterten v. Option One Mortg. Corp.*
(2006) 352 B.R. 380……………………………………………………………7

*Stone v. Mehlberg*
(W.D. Mich. 1989) 728 F. Supp. 1341…………………………………………5

*Williams*
208 U.S. Dist. 131……………………………………………………………7

*Williamson v. Lafferty*
(5th Cir. 1983) 698 F.2d 767……………………………………………….....8

*Willson v. Cagle*
(9th Cir. 1990) 711 F. Supp. 1521…………………………………………..12

*Yamamoto v. Bank of New York*
(9th Cir. 2003) 329 F.3d 1167…………………………………………………..7

**STATUTES:**

California Business & Professions Code §17200……………………………...9, 10

California Welfare & Institutions Code §15610.30………………………..…11, 12

Federal Rules of Civil Procedure 12(b)(6)……………………………………...3

Federal Rules of Civil Procedure Rule 15(a)………..…………………………13

Federal Practice and Procedure: Civil 2d §1382…………………………………12

15 U.S.C. § 1641(c)…………………………………………………..…5, 6

15 U.S.C. § 1635(a)……………………………………………………………..8

15 U.S.C. § 1635(b)…………………………………………………..6, 7, 8

15 U.S.C. § 1601(a)……………………………………………………..…9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

By their motion, Defendants attempt to shirk their liability under Plaintiffs' Complaint by stating that Plaintiffs' claims are speculative and ambiguous. Not true. Plaintiffs' have alleged the required allegations under TILA, the UCL and the Elder Abuse statute to sustain a cause of action under each. Plaintiffs have attached documentary evidence which supports their allegations that Plaintiffs were given improper disclosures and put in a deceptive and misleading mortgage loan.

In addition, Defendants argue that the recession remedies found in TILA do not apply to it as it is not a "creditor" under TILA. However, the authorities make clear that assignees, such as Defendants, are liable for claims of rescission. Defendants serviced the loan which Plaintiff seeks to rescind. Defendants are thus liable for recession and to hold otherwise would make a homeowners' right of rescission under TILA effectively useless.

Moreover, Defendants' argument that Plaintiffs cannot prevail because Plaintiffs have not tendered the amount in default shows a fundamental misunderstanding of the way in which the recession process works under the Federal Truth in Lending Act and Regulation Z. Defendants contends that Plaintiffs lack standing to challenge the foreclosure process without tendering the amount in default. However, as will be more fully explained below, the procedure for rescission under the Federal Truth in Lending Act does not operate in the way Defendants proffers to the Court that it should. In fact, Defendants are required to return all money or property given to anyone in connection with the loan and take action necessary to reflect the termination of the security interest, which Defendants have yet to do. Plaintiffs are not required to tender back to the creditor

any money or property received until after Defendants have fulfilled their obligations. Defendants' arguments to the contrary are thus without merit.

Defendants' assertion that Plaintiffs' Unfair Business Practices claim is not pled with particularity and is based on vicarious liability is unwarranted. As will be set out below, Plaintiffs' claim is very specific as to the wrong doing of Defendant and their claim is not based on vicariously liability but on Defendant aiding and abetting the named violations. Likewise, Plaintiff has adequately pled a cause of action for financial elder abuse.

Based on the foregoing, Plaintiff has adequately stated causes of action for Rescission under the Truth in Lending Act, Unfair Competition under §17200 and for Financial Elder Abuse under Cal. Welf. & Inst. Code § 15610.30. Defendant's Motion to Dismiss must be overruled in its entirety.

## II. LEGAL ARGUMENT

### A. Standard on a Motion to Dismiss.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most

favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters to which the Court takes judicial notice. *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998);

A plaintiff is not required to prove evidentiary facts and/or set forth all of the acts of the alleged wrongdoing. "A complaint is not required to allege all, or any of the facts entailed by the claim." *Bennet v. Schmidt*, 153 F.3d 516, 518.

**B. Plaintiffs' Complaint Seeks Rescission of the Subject Transactions and Restitution Under The Appropriate Statutes.**

Despite Defendant's contention that Plaintiffs' Complaint is unclear, Plaintiffs have clearly alleged the relief they seek, with appropriate documentation. However, Defendants have chosen to remain reserved concerning their role in the transaction, at one point claiming Defendant Quantum is "merely a loan servicer" without specifying the nature of Defendant Cenlar's association, despite the fact that their moniker states they are a Federal Savings Bank. (Motion to Dismiss, ¶5:20-21, ¶1:6-8),

**C. Assignee Liability Applies to Defendants Under TILA.**

Defendants Quantum and Cenlar have alleged that it cannot be held liable under TILA based on it's contention that they are merely servicers of the loan. However, Defendants' argument are contrary to the weight of the existing case law as servicers are a necessary party to any rescission lawsuit.

Through the Federal Truth in Lending Act, Congress sought to protect consumers' choices through full disclosure and to guard against the divergent and fraudulent practices stemming from uninformed use of credit. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Because TILA was enacted as an aid to the unsophisticated consumer, so that he or she would not be easily misled as to the total costs of financing, it is to be liberally construed in favor of borrowers. *Bizier v. Globe Financial Services*, 654 F.2d 1, 3 (1st Cir. 1981) (citations omitted); see also *Rodash v. AIB Mortgage Co.*, 16 F.3d 1142, 1145 (11th Cir. 1994) (quoting *McGowan v. King Inc.*, 569 F.2d 845, 848 (5th Cir. 1978).

Servicers, such as Defendants, are liable for rescission to carry out TILA's purposes. *Miranda v. Universal Fin. Group, Inc.,* 459 F. Supp. 2d 760, 765 (N.D. Ill. 2006) (servicers may be sued for rescission under TILA). *See also Smith v. Argent Mortg. Co. LLC*, 447 F. Supp. 2d 1194, 1199 (D. Colo. 2006) (servicer liable for rescission under TILA claim); *Adams v. Nationscredit Fin. Servs. Corp.*, 351 F. Supp. 2d 829, 835 (N.D. Ill. 2004) (servicer is a necessary party to a rescission claim under TILA pursuant to Rule 19). Plaintiffs can thus proceed with their claim.

Although assignees are only liable for statutory damages for TIL violations which are apparent on the face of the loan documents assigned, assignees are subject to the rescission right to the same extent as the original creditor. 15 U.S.C. § 1641(c). Without such protection for the consumer, "the right of the rescission would provide little or no effective remedy." *Stone v. Mehlberg*, 728 F. Supp. 1341, 1348 (W.D. Mich. 1989)

In sum, rescission is permitted against a servicer of an obligation (See 15 U.S.C Section 1641(c)). Therefore, Defendants are liable for rescission to carry out the mandates of TILA.

**D. Under the Federal Truth In Lending Act, Plaintiff Is Not Required To Tender the Total Amount of Indebtedness to Proceed With An Action for Rescission.**

In their Opposition, Defendants contends that Plaintiffs "have not factually alleged their ability to tender the principal amount of either loan to effect the rescission" (Opposition, 6:17-17). In support of its position, Defendant cites a bare minimum of authority and contorts the holding of a decision of the 9th Cir. wherein a party had sought relief of the statutory mandate for rescission. In fact, Defendant has effectively ignored the procedure for rescission under Truth in Lending Act in an attempt to sell Plaintiff's property and cut off his action for rescission.

15 U.S.C. 1635(b) provides the next step in the rescission process after a borrower has sent a recession notice to the lender.

> (b) Return of money or property following rescission. When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. *Within 20 days after receipt of a notice of rescission*, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

(emphasis added)

Only after the creditor has complied with the mandate to return the borrower's property is the consumer required to tender back to the creditor any money or property. *See* 15 U.S.C. 1635(b) ("*[u]pon the performance of the creditor's obligations under this section*, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value." (emphasis added)).

Defendant cites *Yamamoto v. Bank of New York*, in support of its contention that the 9th Circuit has explicitly conditioned rescission under the Truth In Lending Act on rescission is inaccurate. 329 F.3d 1167 (9th Cir. 2003). However, the true holding of this case is that the decision to require tender, "lies in within the court's equitable discretion, *taking into consideration all circumstances including the nature of violations* and the borrower's ability to repay the proceeds." (emphasis added) *Id*.

At this juncture, there is no evidence that Plaintiff would be unable to tender and the determination of Plaintiff's ability to perform is an inquiry that is best left to the discovery process to unveil. *Williams*, 208 U.S. Dist. 131, 20-21. Many different courts have held that full and immediate tender is not a requirement of TILA rescission. See *Williams*, 2008 U.S. Dist. Lexis 131; *Avila v. Stearns Lending, Inc.*, 2008 U.S. Dist. Lexis 31813; *Sterten v. Option One Mortg. Corp.* (In re Sterten), 352 B.R. 380, 388 (2006). Furthermore, contrary to Defendant's assertions to the Court, Plaintiff has alleged that he will, and has the ability to tender in the body of his Complaint. (Complaint, ¶23).

Based on the foregoing, Defendant's arguments that Plaintiff lacks standing for rescission is unsupported by the current statutes concerning the proper procedure for rescission under 15 U.S.C. 1635(b).

**E. Defendant's Contention that Plaintiff's Acknowledged Receipt of a Notice of Right To Cancel Is Without Merit As Plaintiff Was Actually Given An Improper Right to Cancel's Upon the Closing of the Loan.**

Defendant proffers a Notice of Right to Cancel allegedly signed by the Plaintiff with the transaction date and the last day upon which to cancel filled in. (Exhibit A). Notwithstanding the fact that there is no declaration testifying to the veracity of this exhibit, Defendants proffers no explanation as to why Plaintiffs have in his possession a blank Notice of Right to Cancel which is clearly prohibited under the Truth in Lending Act and Regulation Z.

As stated in Plaintiff's ex parte application, "Reg Z 'makes clear that failure to fill in the expiration date of the rescission form is a violation of the TILA.'" *Semar v. Platte Valley Fed. Sav. & Loan Ass'n,* 791 F.2d 699, 704 (9th Cir. 1986) (quoting *Williamson v. Lafferty*, 698 F.2d 767, 768-69 (5th Cir. 1983).

Whether a plaintiff received mandated disclosure information under the Truth in Lending Act (such as a properly executed Notice of Right to Cancel) is frequently a disputed question of fact which precludes summary judgment. *Eveland v. Star Bank, NA*, 976 F. Supp. 721, 726 (S.D. Ohio 1997).

At a minimum, there exists a disputed issue a material fact here as to whether Plaintiff was provided with a properly executed Right to Cancel as required by 15 U.S.C. 1635(a). Defendant has produced no evidence to refute the fact that Plaintiff has in his possession a blank Notice of Right to Cancel or to explain why Plaintiffs have an improper disclosure in their possession.

More importantly, the Federal Truth in Lending Act is a disclosure statute which was enacted to guarantee the accurate and meaningful disclosure of the costs of consumer credit. 15 U.S.C. §1601(a). Therefore, the key action is that the disclosure actually be given to a consumer when entering into a transaction, not the

documents the lender has in its possession. Based on the fact that Plaintiff was given inadequate disclosures that did not place him on proper notice of his rights, both the letter and spirit of TILA were not complied with and an order setting a preliminary injunction is proper under the circumstances.

Given that Defendants have produced no evidence showing why Plaintiffs have a blank Notice of Right to Cancel in their possession, Defendants' Motion to Dismiss must be denied.

**F. Defendant's Contentions That Plaintiff's Claim For Unfair Business Practices Was Not Plead with Particularity and that its Claims are Based on Vicarious Liability are Unfounded.**

Defendants goes to great lengths to attempt to discredit Plaintiffs' claim for unfair lending practices, actionable under Cal. Bus. & Prof. Code §17200. However, despite the fact that Defendants are mistaken regarding the viability of Plaintiff's claim under §17200, Defendants' contentions are inapplicable to the issue at the heart of Plaintiffs' request for injunctive relief.

Business and Professions Code section 17200 et seq. prohibits unfair competition, including unlawful, unfair, and fraudulent business acts. The UCL covers a wide range of conduct. It embraces "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180, 83 Cal. Rptr. 2d 548, "Section 17200 borrows violations from other laws by making them independently actionable as unfair competitive practices." *Cel-Tech, supra*, 20 Cal.4th at p. 180.

Defendants also argue that they cannot be held liable under the UCL because the statute does not impose vicarious liability. While Defendants are correct that claims under §17200 on impose liability for a party's 'personal participation in the

unlawful practices' it is sufficient that the defendant aided and abetted the principal violator. *Placencia v. Lending 1st Mortgage, et al*., (2008) 583 F. Supp. 2d 1090, 1098. A defendant "aids and abets the commission of an intentional tort if the person . . . knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act." *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1325, 58 Cal. Rptr. 2d 308 (1996).

Despite Defendants' assertions to the contrary, Plaintiffs have pled the requisite allegations to sustain a cause of action under Cal. Bus. & Prof. Code §17200. Specifically, Plaintiffs have pled that numerous fraudulent and illegal practices by advertising and fraudulently misrepresenting the true terms of its loans. In regards to Defendants, Defendants were aware of the misleading and fraudulent practice and was purchasing the loans fully aware that the loans were predatory and fraudulent.

Through discovery, Plaintiffs intend to gather evidence of Defendants' underwriting requirements and how they led to Plaintiffs being fraudulently induced to enter into the loan transaction that they entered into.

Plaintiffs have pled their UCL claim with the requisite particularity and did not base Defendant's liability on vicarious liability, but rather on Defendants' actions in aiding and abetting the violations. Therefore, the motion to dismiss should not be granted.

**G. Plaintiffs have Stated a Valid Cause of Action for Financial Elder Abuse Against Defendants**

Defendants claim Plaintiffs' Complaint does not allege sufficient facts to entitle Plaintiff to relief for Financial Elder Abuse. This is not true.

Cal. Welf. & Inst. Code § 15610.30 states in pertinent part that “(a) "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:

(1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or de-pendent adult for a wrongful use or with intent to defraud, or both.

(3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or re-taining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 1575 of the Civil Code.

(b) A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult.

(c) For purposes of this section, a person or entity takes, secretes, appropriates, obtains, or retains real or personal property when an elder or dependent adult is deprived of any property right, including by means of an agreement, donative transfer, or testamentary bequest, regardless of whether the property is held directly or by a representative of an elder or dependent adult.”

As set forth in the Complaint, Defendants aided and abetted the original lender on the transaction wherein Plaintiffs were placed in a misleading and fraudulent loan that set them up for default. Soon thereafter Defendants began servicing this loan and collecting amounts due eventually leading an elder under

the statute into default. These allegations are more than enough to sustain Plaintiffs' cause of action under the liberal notice pleading statute.

Defendants were aware of the misleading and fraudulent practice and was purchasing the loans fully aware that the loans were predatory and fraudulent. (Id.) Plaintiff is over 65 years old. These facts alone support a cause of action under §15610.30.

**H. Defendants' Request that Allegations Be Stricken From The Complaint is Conclusory and Without Any Authorities Supporting Their Request.**

Defendants request in their motion that various allegations in Plaintiffs' Complaint be stricken. However, Defendants' fail to proffer any reason for their request other than that the allegations are "scandalous." (Motion to Dismiss, 11:19).

When ruling on a motion to strike, the court views the challenged pleadings in the light most favorable to the pleader. Motions to strike are not favored and "should be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Willson v. Cagle*, 711 F. Supp. 1521, 1534 (N.D. Cal. 1988), aff'd, 900 F.2d 263 (9th Cir. 1990). If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied and the sufficiency of the allegations left for adjudication on the merits. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* §1382, at 700 (1990).

Despite the stringent requirements for the granting of a motion to strike, defendants ignore the standards by distorting the applicable authorities in an attempt to create the impression that motions to strike are routinely granted. Defendants have attempted to use their motion to dismiss allegations that they do not like but which are not facially defective

**I. In the Event the Court Finds Plaintiffs' Allegations Lacking, Plaintiffs Hereby Request Leave to Amend Their Complaint.**

Federal Rules of Civil Procedure Rule 15 (a) expressly states that leave to amend "shall be freely given when justice so requires." See also *Allen v. City of Beverly Hills* 911 F.2d 367, 373. "Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

Therefore, should the Court find any of Plaintiffs' allegations lacking, Plaintiff herby respectfully requests leave to amend the allegations contained therein.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court overrule Defendant's Motion to Dismiss and Motion to Strike.

Respectfully submitted,

DATED: August 18, 2009 STEPHEN P. COLLETTE & ASSOCIATES

By: /s/ Stephen P. Collette .
STEPHEN P. COLLETTE
Attorneys for Plaintiffs