Stephen P. Collette (SB# 186439)
STEPHEN P. COLLETTE & ASSOCIATES
811 Wilshire Blvd., Suite 1200
Los Angeles, CA 90017
Telephone: (213) 542-8272
Facsimile: (562) 684-4531
stephen_collette@hotmail.com

Attorneys for Plaintiffs ROOSEVELT JOHNSON and DENISE JOHNSON

FILED
2009 SEP 30 PM 3:57
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ROOSEVELT JOHNSON, an individual; DENISE JOHNSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> PAUL FINANCIAL, LLC, a California Limited Liability Company; CITIBANK, N.A., a National Association, and DOES 1 through 10, inclusive, Defendants. | CASE NO.: CV 09-4183 DSF (FMOx) <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **(1) RESCISSION PURSUANT TO THE FEDERAL TRUTH IN LENDING ACT [15 U.S.C. § 1601 AND REGULATION Z, 12 C.F.R. §226].** |

Plaintiffs ROOSEVELT JOHNSON and DENISE JOHNSON (hereinafter "Plaintiffs") alleges as follows:

## I.    PARTIES

1.  Plaintiff ROOSEVELT JOHNSON is, and at all times relevant hereto was, an individual residing in Los Angeles County in the State of California.

2. Plaintiff DENISE JOHNSON is, and at all times relevant hereto was, an individual residing in Los Angeles County in the State of California.

3. Plaintiffs are informed and believe, and on that basis allege, that Defendant PAUL FINANCIAL, LLC., (hereinafter "PAUL FINANCIAL") is, and at all times relevant hereto was, a Limited Liability Company organized and existing under the laws of the State of Delaware and licensed to do business in the State of California.

4. Plaintiffs are informed and believe, and on that basis allege, that Defendant CITIBANK, N.A. (hereinafter "CITIBANK") is, and at all times relevant hereto was, a National Association organized and existing under the laws of the United States and licensed to do business in the State of California.

5. Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sue these defendants by these fictitious names. Plaintiffs will amend this Complaint to state the true names and capacities of these Doe defendants once ascertained. Plaintiffs are informed and believes, and on that basis allege, that each of the fictitiously named defendants is in some manner responsible for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by said Doe defendants' conduct.

## II.  BACKGROUND FACTS

6. In or about March, 2007, Plaintiffs Roosevelt and Denise Johnson took out a reverse mortgage on their property located at 1438 West 105th Street, Los Angeles, California 90047. Pursuant to the agreement, Roosevelt and Denise Johnson received $27,902.94 in cash. They were not required to make any monthly payments on the loan.

7.    Approximately six months later, Plaintiffs were contacted by David King. King was the Credit Manager of Hartford Mortgage Corporation, the broker on the transaction. King told Plaintiffs that he could get them an additional $28,000 from the equity in their house and that it would only cost them $705.83 per month for the next ten years. Defendant King encouraged them to refinance out of their reverse mortgage and into a so-called "Combo Loan."

8.    On October 30, 2007, Plaintiffs entered into the closed-end consumer credit transaction wherein they refinanced the loan on their principle residence at 1438 West 105th Street, Los Angeles, California 90047 with Defendant Paul Financial, LLC. The First Trust Deed in the amount of $308,000.00 (Original Loan No. 0000710392 and Paul Financial Loan No. 0024039950) provides for an interest rate of 7.25% and a monthly payment of $2,101.11. The Notice of Right to Cancel provided to Plaintiffs was defective because it did not contain a transaction date as required by 15 U.S.C. Section 1635(f).   Nor did the Plaintiffs receive the 30 day hardship letter that was required because their first payment was due less than 30 days after the loan funded.

9.    As part of the "Combo Loan," Plaintiffs also entered into a Home Equity Credit Line Agreement with a credit limit of $114,300.00. The agreement provided for an initial interest rate of 7.25%, but this rate was only applicable until November, 2008. At this time, the interest rate would adjust to a margin of 1.95% over the highest prime rate as published in the Wall Street Journal. The interest rate was capped at 18%. The agreement provided for an initial minimum payment of $705.83, but, unbeknownst to Plaintiffs, this would not be sufficient to pay accumulating interest charges and would result in negative amortization. The Notice of Right to cancel provided to Plaintiffs contained neither the date of the

transaction nor the last day to cancel. For this reason, notice was improper pursuant to 15 U.S.C. Section 1635(f).

10. On October 29, 2007, a notary went to Plaintiffs' house to have them sign the loan documents. When Plaintiff Denise Johnson reviewed the documents, she became concerned that the new loan might put Plaintiffs at risk of ending up with payments that they could not afford. For this reason, she and her husband decided not to sign the documents. The next day, King emailed Plaintiffs to convince them to move forward with the transaction. King's email stated: "Denise, here is the document that the notary should have shown you last night. This is the document that ties the two mortgages together and as you can see, **your payment is $705.83.** YOU WILL NOT HAVE TO MAKE A PAYMENT ON THE SECOND MORTGAGE. You will be able to make the minimum payment for 10 years." (bold and capitals in original).

11. In fact, King's email to Plaintiffs was false and misleading. Under this complicated and misleading transaction, the first mortgage payment is being paid by draws from the line of credit (second mortgage). The $705.83 payment is indeed for the second mortgage. Furthermore, the minimum payment of $705.83 is not sufficient to cover the amount of the first lien principal and interest payment. Therefore, the balance increases each month when the minimum payment is made. Under the Truth In Lending Act, loans of this nature must conspicuously disclose Negative Amortization features in the Truth In Lending Act Disclosure Statement. However, no disclosures regarding negative amortization were made to Plaintiffs. Instead, they were simply told that they would have a very low payment fixed for 10 years. King also failed to warn Plaintiffs that the terms of the loan would allow Defendants to stop allowing draws from the line of credit (second mortgage) if

property values declined. If this happened, Plaintiffs mortgage payments would suddenly triple.

12. In reliance on these false assurances, Plaintiffs signed the loan documents on October 30, 2007. By time they learned the truth, Plaintiffs would be faced with the loss of their home. Paul Financinal, LLC subsequently sold the loan to Defendant Citibank, N.A. who is the current lender on the loan. On December 30, 2008, Quantum Servicing Corporation sent a letter to Plaintiffs suspending their Home Equity Credit Line because it claimed that their property had suffered a decline in value. Suddenly, Plaintiffs were being asked to make a full principal and interest payment in the amount of $2101.11 on their first mortgage. In addition, they were being required to continue making payments on their second mortgage. Overnight, Plaintiffs' mortgage payments had quadrupled. Predictably, Plaintiffs were unable to make these new payments.

13. Defendants Paul Financial and Citibank, N.A. were each aware of the serious violations and the predatory nature of this loan because these violations are apparent from a review of the available documents.

14. On March 11, 2009, Plaintiffs, by and through their counsel, rescinded the transaction by sending a letter to the servicers on the transactions Defendants Paul Financial, Cenlar Agency and Quantum Servicing. True and correct copies of the rescission letters are attached hereto as Exhibit "A." Defendants did not respond to this notice and failed to properly rescind the transaction as required under the Federal Truth-in-Lending Act.

15. Plaintiffs now brings this action to rescind this loan pursuant to their rights under the Federal Truth in Lending Act and to address the misleading and unfair business practices of Defendants.

# III.  CLAIMS

## FIRST CAUSE OF ACTION

### (Rescission – By Plaintiff Against Defendants Paul Financial and Citibank, N.A.)

16. Plaintiffs reallege and incorporates each allegation of paragraphs 1 through 18 above, as though fully set forth herein.

17. This consumer credit transaction was subject to Plaintiffs' right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

18. In the course of this consumer credit transaction, Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver two copies of a notice of the right to rescind that:  (a)  Identified the transaction; (b) Clearly and conspicuously disclosed the security interest in the Plaintiff's home; (c) Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction; (d) Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of the Defendant Lifetimes' place of business; (e) Clearly and conspicuously disclosed the effects of rescission; and,  (f)  Clearly and conspicuously disclosed the date the rescission period expired.

19. Defendants Hartford and Paul Financial placed Plaintiffs in a complicated "Combo Loan" that was also negatively amortizing knowing that it was unclear that loan had a negatively amortizing feature. If a loan's annual percentage rate has the possibility of increasing from it's initial rate and the loan is for a term of more than one year, then the Truth In Lending Disclosure Statement must include specific explanations of changes in outstanding balance and negative amortization. (12 C.F.R. § 226.19, and Federal Reserve Board Official Staff

Commentary, [Regulation Z; Docket No. R-0863] Monday, April 3, 1995). In other words, the loan documentation for a negatively amortized loan must disclose this feature and the fact that if the borrower makes only the minimum payment that unpaid interest will be added to the balance. These disclosures are not present in Plaintiffs' Truth In Lending Disclosure Statement. Therefore, in violation of the Truth in Lending Act, 12 C.F.R. § 226.19, Defendants put Plaintiffs in a loan on her principal dwelling for a term of 30 years where the annual percentage rate was guaranteed to increase and failed to adequately disclose its negative amortization feature and the fact that there could be changes to the outstanding balance. These violations were apparent on the face of the documentation and Defendants Cenlar and Quantum were aware of these violations when they purchased and/or began servicing these loans.

20. By reason of the aforesaid violations of the Truth in Lending Act and Regulation Z, Plaintiffs are entitled to rescind the consumer credit transaction and receive a tender of amounts paid pursuant to the consumer credit transactions as damages. Pursuant to 15 U.S.C 1635(b) and Reg. Z §§226.15(d)(3), after Defendants have tendered its proceeds and taken action to reflect that its interest in the security has been eliminated, Plaintiffs will tender their proceeds (and have the ability to do so) given to them by Defendants in accordance with applicable statutes and case law.

IV.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for judgment against Defendants, and each of them (to the extent applicable), as follows:

1. For rescission of the consumer credit transaction;

FIRST AMENDED COMPLAINT FOR RECISSION

2.   For attorney's fees pursuant to the 15 U.S.C. § 1640; or as allowed by law and/or contract;

3.   For statutory damages based on Defendants' failure to respond properly to Plaintiff's recession notice;

4.   For costs of suit herein incurred; and,

5.   For such other and further relief as the Court may deem proper.

Respectfully submitted,

DATED:  September 30, 2009.      STEPHEN P. COLLETTE & ASSOCIATES

By:  _____
STEPHEN P. COLLETTE &
ASSOCIATES
Attorneys for Plaintiffs ROOSEVELT
AND DENISE JOHNSON

# EXHIBIT "A"

# STEPHEN P. COLLETTE & ASSOCIATES
## LAW FIRM

March 11, 2009

**CERTIFIED MAIL/**
**RETURN RECEIPT REQUESTED**

Paul Financial, LLC
939 Transport Way, Ste A
Petaluma, CA 94954

Paul Financial, LLC
1401 Los Gamos Dr.
San Rafael, CA 94903

Cenlar
P.O. Box 986
Newark, NJ 07184

> **RE:** ***Paul Financial, LLC Loan No.:*** 0024039950
> ***Original Loan No.:*** **0000710392**
> ***Property Address:*** 1438 West 105th Street, Los Angeles, CA 90047
> ***Borrower: Roosevelt and Denise Johnson***

Dear Sir or Madam:

By this official notice, Roosevelt and Denise Johnson inform you of their election to rescind the above-referenced loan.

On October 26, 2007, Mr. and Mrs. Johnson entered into the above-referenced loan transaction. The Notice of Right to Cancel provided to our clients was defective. It failed to specify the date of the transaction. This unlawful activity is easily determined by a review of the file (True and correct copies of the defective Notice Of Right To Cancel is attached hereto as Exhibit "A").

For this reason, our clients' right to cancel extends for three years. *See* 15 U.S.C. 1635(f); *Semar v. Platte Valley Federal Savings & Loan Association* (9th Cir. 1986) 791 F.2d 699. Therefore, Mr. and Mrs. Johnson hereby exercise their rescission rights pursuant to the Federal Truth in Lending Act, Regulation Z §226.23. Therefore, this notice is timely given.

In addition, our clients reserve their right to raise different or alternative grounds for rescission under state or federal law.

Please note that the grounds noted above and the onerous financial terms of the loan give rise to damages under California Welfare and Institutions Code § 15610.30(a).

Please contact me to make arrangements to fulfill your tender obligations.

Sincerely,

Stephen P. Collette

# EXHIBIT "A"

# NOTICE OF RIGHT TO CANCEL

LENDER: Paul Financial, LLC

DATE  October 26, 2007
LOAN NO.  0000710392
TYPE  CONF-EA-OPT-30Y-01

BORROWERS/OWNERS Roosevelt  Johnson  and Denise  Johnson

ADDRESS        1438 West 105th Street
CITY/STATE/ZIP Los Angeles, CA  90047
PROPERTY       1438 West 105th Street
               Los Angeles, CA  90047

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)   The date of the transaction, which is                                    ; or
(2)   The date you received your Truth in Lending disclosures; or
(3)   The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Paul Financial, LLC
1401 Los Gamos Drive, San Rafael, CA 94903

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of
                    (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

## I WISH TO CANCEL

_____          _____
SIGNATURE                                            DATE

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_____          _____
BORROWER/OWNER Roosevelt  Johnson      DATE          BORROWER/OWNER Denise  Johnson      DATE

_____          _____
BORROWER/OWNER                         DATE          BORROWER/OWNER                      DATE

VMP -64 (9712)  1064                   VMP MORTGAGE FORMS - (800)521-7291
                                       PF_TIL_ROR

CONF-EA-OPT-30Y-01

# STEPHEN P. COLLETTE & ASSOCIATES
## LAW FIRM

March 11, 2009

**CERTIFIED MAIL/**
**RETURN RECEIPT REQUESTED**
Quantum Servicing Corporatio
6302 E. Martin Luther King Blvd.,
Suite 300
Tampa, FL 66319

       **RE:**   *Paul Financial, LLC Loan No.:* 00710426
             *Property Address:* 1438 West 105th Street, Los Angeles, CA 90047
             *Borrower: Roosevelt and Denise Johnson*

Dear Sir or Madam:

By this official notice, Roosevelt and Denise Johnson inform you of their election to rescind the above-referenced loan.

On October 26, 2007, Mr. and Mrs. Johnson entered into the above-referenced loan transaction. The Notice of Right to Cancel provided to our clients was defective. It failed to specify the date of the transaction and the last date upon which the loan could be cancelled. This unlawful activity is easily determined by a review of the file (True and correct copies of the defective Notice of Right to Cancel is attached hereto as Exhibit "A").

For this reason, our clients' right to cancel extends for three years. *See* 15 U.S.C. 1635(f); *Semar v. Platte Valley Federal Savings & Loan Association* (9th Cir. 1986) 791 F.2d 699. Therefore, Mr. and Mrs. Johnson hereby exercise their rescission rights pursuant to the Federal Truth in Lending Act, Regulation Z §226.23. Therefore, this notice is timely given.

In addition, our clients reserve their right to raise different or alternative grounds for rescission under state or federal law.

Please note that the grounds noted above and the onerous financial terms of the loan give rise to damages under California Welfare and Institutions Code § 15610.30(a).

Please contact me to make arrangements to fulfill your tender obligations.

Sincerely,

Stephen P. Collette

# EXHIBIT "A"

# NOTICE OF RIGHT TO CANCEL

LENDER: Paul Financial, LLC

DATE  October 26, 2007
LOAN NO.  0000710392
TYPE  CONF-EA-OPT-30Y-01

BORROWERS/OWNERS  Roosevelt  Johnson  and Denise  Johnson

ADDRESS  1438 West 105th Street
CITY/STATE/ZIP Los Angeles, CA  90047
PROPERTY  1438 West 105th Street
Los Angeles, CA  90047

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)  The date of the transaction, which is                              ; or
(2)  The date you received your Truth in Lending disclosures; or
(3)  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Paul Financial, LLC
1401 Los Gamos Drive, San Rafael, CA 94903

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of                   (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____          _____
SIGNATURE                                                                              DATE

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_____  ____  _____  ____
BORROWER/OWNER  Roosevelt  Johnson          DATE          BORROWER/OWNER Denise  Johnson          DATE

_____  ____  _____  ____
BORROWER/OWNER                                             DATE          BORROWER/OWNER                                             DATE

-64 (9712)  1064
VMP MORTGAGE FORMS - (800)521-7291
PF_TIL_ROR

CONF-EA-OPT-30Y-01

**PROOF OF SERVICE—(1013A, 2015.5 C.C.P.)**

I am over the age of 18 years and am employed at 811 Wilshire Blvd., Suite 1200, Los Angeles, California 90017.

On September 30, 2009, I caused the foregoing document entitled:

**FIRST AMENDED COMPLANT FOR: (1) RESCISSION PURSUANT TO THE FEDERAL TRUTH IN LENDING ACT [15 U.S.C. §1601 AND REGULATION Z, 12 C.F.R. §226].**

to be served on the interested parties in this action, addressed as shown in the attached service list:

**SEE ATTACHED SERVICE LIST**

[X] **BY MAIL** (1013 C.C.P.): I placed a true copy of the foregoing document in a sealed envelope, addressed to each interested party as set forth above, with first class postage fully prepaid, for collection and mailing pursuant to the ordinary business practices of this office, which correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business.

[ ] **BY OVERNIGHT DELIVERY:** I caused a true copy of the foregoing document to be served by depositing in a box or other facility regularly maintained by the express service carrier, or by delivering to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office of listed below.

[ ] **BY FACSIMILE TRANSMISSION** (1013 C.C.P.): I caused the above-referenced document(s) to be transmitted to the above mentioned person(s) at the appropriate facsimile telephone numbers.

[ X ] **(State)** I declare, under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on September 30, 2009, at Los Angeles, California.

_[signature]_
Samuel Boyamian

1
**PROOF OF SERVICE**

# SERVICE LIST

Spencer R. Scheer, Esq.
Scheer Law Group LLP
155 N. Redwood Drive, No. 100
San Rafael, CA 94903
*Attorneys for Defendant Paul Financial LLC*